IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-00669-RBJ

BUILDING ON OUR BEST LLC and
SOULSTICE, LTD,

Plaintiffs,

v.

SENTINEL INSURANCE COMPANY LIMITED and
DONAN ENGINEERING CO., INC.,

Defendants.

---

ORDER

---

The case is before the Court on Donan Engineering Co., Inc.'s Rule 12(b)(6) motion to dismiss plaintiffs' Fourth and Fifth Claims as to Donan. The motion is granted.

**FACTS**

In 2014 plaintiffs' building in Englewood, Colorado was insured under a commercial property insurance policy issued by the Sentinel Insurance Company, Ltd. Plaintiffs allege that on June 15, 2014 the roof and other parts of the building were damaged by a hail and wind storm. After they submitted a claim under the policy, Sentinel's adjuster hired Donan Engineering Co. to inspect and report on the claimed damage. Donan's report concluded that the roof exhibited minimum evidence of damage. Based on the report Sentinel denied the claim.

Plaintiffs then hired a "public adjuster" to assist them with their insurance claim. Plaintiffs and the public adjuster determined that Donan's inspection was inadequate and asked

Sentinel to have Donan re-inspect the property. Although Sentinel's adjuster agreed, Donan refused. Amended Complaint [ECF No. 17] at ¶11.

Plaintiffs' public adjuster determined that plaintiffs had sustained property damage in the amount of $47,795.50, and plaintiffs submitted a proof of loss in that amount to Sentinel together with additional evidence of the claimed damage. The public adjuster also informed Sentinel that State Farm, which insured another tenant's portion of the same building, had determined that the June 15, 2014 hail storm had caused enough damage to the roof to require its replacement. Sentinel continued to deny the claim.

Plaintiffs therefore filed this lawsuit. The First, Second and Third Claims assert breach of contract, common law insurance bad faith, and statutory bad faith pursuant to C.R.S. § 10-3-1115 and 1116. Those claims are asserted against Sentinel and are not the subject of the pending motion. Rather, the motion addresses plaintiffs' Fourth Claim (violation of the Colorado Consumer Protection Act) and Fifth Claim (civil conspiracy) insofar as those claims are asserted against Donan.

The Amended Complaint contains the following allegations of "fact" with respect to Donan:

- "Plaintiffs believe that [Sentinel] hired Donan because they are biased for insurers and will give insurers result-oriented reports to assist [Sentinel] in either low-balling or denying an insured's storm damage insurance claim." Amended Complaint at ¶8.

- "True to form, the [Donan] Report concluded that the roof exhibited minimum evidence of windstorm damage to the wood shakes and metal fixtures on the roof of the Property and that replacement was not warranted." *Id.* at ¶9.

- "In the Report, Donan makes only conclusions and cites no test or other physical evidence to support its findings." *Id.*

- "Based on this biased and unsubstantiated report, in a letter also dated September 18, 2014, [Sentinel's] adjuster, citing the Donan report and 'test' that never occurred, denied the claim, determining that Plaintiffs had only sustained minor windstorm damages not covered by [Sentinel's] Policy." *Id.*

- "In late November 2014 [Sentinel's adjuster] informed Plaintiffs' public adjuster that she agreed with the requests for an inspection, but was frustrated by Donan's refusal to reevaluate its findings." *Id.* at ¶11.

- "In response to all of the information provided by Plaintiffs and their representative, [Sentinel] thereafter orally denied Plaintiffs' November 24, 2014 proof of loss again relying on the biased and result oriented conclusions in the Donan report." *Id.* at ¶13.

- "[Sentinel's] actions, including but not limited to, conducting an inadequate and biased investigation, using biased consultants to obtain a result-oriented reports [sic] and estimates to low-ball Plaintiffs' storm damage insurance claim, and forcing Plaintiffs to pursue litigation to recover for a legitimate claim, were done in bad faith and were unreasonable." *Id.* at ¶14.

- "Donan and [Sentinel] conspired to produce a result-oriented report that would predicate [Sentinel's] decision to deny. On information and belief the Report was assembled in bad faith, relied on inaccurate data and irrelevant sources, and was created for the sole purpose of misleading Plaintiffs to believe that [Sentinel's] denial was justified." *Id.* at ¶15.

In addition, in the Fourth and Fifth Claims for Relief, plaintiffs make the following additional allegations, among others, concerning "Defendants," meaning Sentinel and Donan:

<u>Fourth Claim</u>

- "Defendants knowingly made, and caused to be made, false statements as to the affiliation, connection or association of Donan with [Sentinel]." *Id.* at ¶20.

- "Defendants represented that Donan supplied a particular style or model of services, namely that Donan was hired to perform nonbiased testing, when they knew or should have known that Donan primarily works for insurance companies to help low-ball or deny claims." *Id.*

- "Defendants failed to disclose material information concerning goods, services or property, which information was known at the time of an advertisement or sale, in order to induce Plaintiffs to accept [Sentinel's] claims decision." *Id.*

- "The deceptive trade practice significantly impacted the public as actual or potential consumers of Defendants' goods and services. The deceptive practice is directed toward the market generally, taking the form of widespread public advertisement and involving the deception of actual and prospective purchasers of Defendants' services as well as the general public." *Id.*

Fifth Claim

- "Through an agreement either expressed or implied, [Sentinel] would hire Donan to obtain result-oriented engineering reports for the purposes of assisting [Sentinel] to either lowball or deny valid claims for insurance proceeds." *Id.* at ¶21.

- "[Sentinel] and Donan conspired to withhold material information from Plaintiffs regarding the relationship of the Defendants to induce Plaintiffs to accept the denial of their insurance claim." *Id.*

- "Donan and [Sentinel] conspired to cut corners on the evaluation of the roof with the purpose and intent to justify a denial of the Plaintiffs' claim and, therefore, realize a greater profit to the detriment of Plaintiffs." *Id.*

- "In this respect, the unlawful, overt act in this civil conspiracy was Donan's preparation of a biased, result-orient [sic] report that [Sentinel] would exclusively rely upon to deny Plaintiff' [sic] insurance claim." *Id.*

- "Donan and [Sentinel's] conspiracy and deceit in furtherance of the conspiracy caused damages to Plaintiffs in an amount to be proven at trial." *Id.*

Based on those allegations plaintiffs assert two claims against Donan. In the Fourth Claim for Relief plaintiffs allege that Donan violated the Colorado Consumer Protection Act, C.R.S. 6-1-105, in particular by engaging in unfair or deceptive trade practices prohibited by subsections (c), (e), (g), (i) and (u) of the Act. *Id.* at ¶20. In the Fifth Claim for Relief plaintiffs allege that Donan participated in a civil conspiracy with Sentinel to justify a denial of the insurance claim. Donan allegedly conspired to withhold material information regarding the relationship between Donan and Sentinel and to cut corners on the evaluation of the roof, the overt act in implementation of the conspiracy being Donan's "preparation of a biased, result-

oriented report that [Sentinel] would exclusively rely upon to deny Plaintiff' [sic] insurance claim." *Id.* at ¶21.

## STANDARD OF REVIEW

In reviewing a motion to dismiss, the Court must accept the well-pleaded allegations of the complaint as true and construe them in the plaintiffs' favor. However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations that are purely conclusory are not entitled to an assumption of truth. *Id.* at 681. However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See, e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). Allegations of unfair or deceptive trade practices under the Colorado Consumer Protection Act must be pled with particularity under Rule 9(b). *See, e.g.*, *Duran v. Clover Club Foods Co.*, 616 F. Supp. 790, 793 (D. Colo. 1985).

## CONCLUSIONS

### A. <u>Fourth Claim – Violation of the Colorado Consumer Protection Act</u>.

Donan's motion basically argues that plaintiffs lack standing to complain about the work Donan did in performance of its contractual obligation to Sentinel. Much of Donan's argument either is or should be uncontroversial. Specifically, I agree with each of the following propositions:

- Plaintiffs must have constitutional standing, including (1) an injury to plaintiffs' legally protected interest, (2) a causal relationship between the injury and the challenged conduct, and (3) a likelihood that the injury will be redressed by a favorable decision. *See Turner v. McGee,* 681 F.3d 1215, 1218 (10th Cir. 2012).
- Persons who are actual or potential consumers of a defendant's services and who in the course of the person's business or occupation are injured as a result of a deceptive trade practice may bring a private cause of action for damages under the Colorado Consumer Protection Act ("CCPA"). C.R.S. § 6-1-113(1).
- The term "consumer" means "any actual or potential consumer" of the defendant's goods or services. *Hall v. Walter,* 969 P.2d 224, 231 (Colo. 1998).
- Plaintiffs were neither actual nor potential consumers of Donan's services. The consumer was Sentinel. *Cf. Martinez v. Lewis*, 969 P.2d 213, 222 (Colo. 1998) (in a suit against a physician whose "Independent Medical Examination" was relied upon by the insurer to deny plaintiff's insurance claim, the "sole consumer" of the physician's services was the insurer which hired him to perform the examination).
- However, because a civil action under the CCPA can be brought "for any claim against *any person* who has engaged in or caused another to engage in any deceptive trade practice," C.R.S. § 6-1-113(1) (emphasis added), nonconsumers can sometimes bring actions under the CCPA. *Hall*, 969 P.2d at 230-32.
- The nonconsumer must prove that (1) the defendant engaged in an unfair or deceptive trade practice; (2) the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) the practice significantly impacts the public as

actual or potential consumers of the defendant's services; (4) the plaintiff suffered injury in fact to a legally protected interest; and (5) the challenged practice caused the plaintiff's injury. *Id.* at 234-35.

The essence of plaintiffs' claim is that Donan has a practice of generating phony engineering reports on which its insurance customers rely to lowball or deny insurance claims. It is hard to deny that such a practice, if it occurred, would amount to an unfair or deceptive trade practice. Similarly, if such a practice occurred, it was in the course of Donan's business. If one assumes, to plaintiffs' benefit at this stage of the case, that Sentinel denied a valid insurance claim, then plaintiffs suffered an injury in fact to a legally protected interest. Similarly, if one assumes, to plaintiffs' benefit, that Sentinel denied the claim because of the Donan report, then one could say that the challenged practice was a cause of plaintiffs' injury.

However, there are at least two fundamental problems with plaintiffs' CCPA claim. One is the public impact requirement. I agree with plaintiffs that, unlike the facts in *Martinez v. Lewis,* wherein the plaintiff complained only about the IME doctor's qualification to render his opinion as to the plaintiff's specific injuries, plaintiffs here assert that Donan's preparation of insurer-friendly reports is a regular business practice. As such, one might jump to the conclusion that plaintiffs have satisfied the public impact requirement because numerous persons who have the (alleged) misfortune of being insured by a company that hires Donan to investigate claimed losses are potentially impacted by Donan's practices. However, that would be a misapplication of the public impact requirement. In *Hall* the Court was careful to emphasize that the public impact must be to "actual or potential consumers" of the defendant's goods or services. 969 P.2d at 234. By plaintiffs' own allegations, the consumers of Donan's services are insurance

companies like Sentinel. It would strain the CCPA beyond the breaking point to conclude that the public impact requirement is met because Donan's unsavory practices enable numerous insurance companies to deny valid insurance claims.

Moreover, plaintiffs have not alleged facts that make out a plausible claim that Donan has engaged in an unfair or deceptive trade practice. To begin, plaintiffs allege that they "believe" that Donan is a company that Sentinel and other insurers hire because it is known to be biased in favor of insurance companies. Amended Complaint ¶8. The Tenth Circuit has held in various contexts that allegations, even allegations of fraud, may be made on information and belief so long as the complaint sets forth the factual basis of the belief. *See, e.g., Scheidt v. Klein,* 956 F. 2d 963, 967 (10th Cir. 1992). But even if plaintiffs' Amended Complaint set forth the factual basis for their belief regarding Donan's bias (which it did not), and even if the Court assumed the alleged fact to be true, it would not establish that Donan has engaged in an unfair or deceptive trade practice, any more than an insured's retention of a "public adjuster" known to be favorable to insureds would necessarily establish actionable wrongdoing on the public adjuster's part.

Plaintiffs also allege that they "believe" that Donan "will give insurers result-oriented reports to assist [Sentinel and other insurers] in either low-balling or denying an insured's storm damage insurance claim." Amended Complaint ¶8. They allege that Donan and Sentinel "conspired to produce a result-oriented report that would predicate [Sentinel's] decision to deny [the claim]." *Id.* at ¶15. And, "on information and belief," Donan's report "was assembled in bad faith, relied on inaccurate data and irrelevant sources, and was created for the sole purpose of misleading Plaintiffs to believe that [Sentinel's] denial was justified." *Id.* These allegations (and all the similar allegations repeated under the headings of the Fourth and Fifth Claims for Relief)

are conclusory. The Amended Complaint does not set forth the factual basis for plaintiffs' beliefs. While this Court must construe well-pleaded facts in plaintiffs' favor when deciding a Rule 12(b)(6) motions, these allegations are not entitled to that favorable construction.

**B. Fifth Claim -- Civil Conspiracy.**

"To state a claim for civil conspiracy, [plaintiffs] must allege: (1) two or more persons; (2) shared an object to be accomplished; (3) had a meeting of the minds on the object or course of action; (4) committed an unlawful overt act, such as fraud; and (5) this caused [plaintiffs] to sustain damages." *Cavitat Medical Technologies v. Aetna, Inc.*, No. 04-CV-1849, 2006 WL 218018 at *5 (D. Colo. Jan. 27, 2006) (citing *Nelson v. Elway*, 908 P.3d 101, 106 (Colo. 1995)). For the same reasons as discussed in connection with the Colorado Consumer Protection Act claim, I conclude that plaintiffs' Amended Complaint falls well short of alleging facts that state a claim that is plausible, not just speculative.[1]

[1] Yet another potential problem with the claims against Donan arises from the fact that, in my judgment, the claims necessarily imply that Donan's investigation was performed poorly, and that its conclusion about the lack of damage by the storm was wrong. After all, if Donan did a competent job and reached the right conclusion, the complaints about deceptive trade practices and conspiracy would be moot. But if a claim necessarily assumes a professional engineer's negligence, plaintiffs would need expert engineering testimony to establish that the engineer's work did not meet the standard of care. In that event, plaintiffs must comply with the certificate of review requirement of C.R.S. § 13-20-602. *Compare, e.g., Teiken v. Reynolds, M.D.,* 904 P.2d 1387, 1388-89 (Colo. App. 1995) (certificate of review required even though claims were based on violation of the Colorado Consumer Protection Act) *with Baumgarten v. Coppage*, 15 P.3d 304, (Colo. App. 2000) (certificate of review required only as to certain of the claimed CCPA violations). *Cf. Martinez v. Badis,* 842 P.2d 245, 252 (Colo. 1995) (certificate of review might be required for claims based on breach of fiduciary duty or contract). However, Donan did not raise the issue, nor has Donan moved for an order requiring plaintiffs to file such a certificate. *See* C.R.S. § 13-20-602(2). It is a moot point in light of the Court's disposition of the motion to dismiss on other grounds.

**ORDER**

Donan Engineering Co. Inc.'s motion to dismiss plaintiffs' Fourth and Fifth Claims for Relief is GRANTED. Those claims and this civil action, as to Donan, are dismissed with prejudice. As the prevailing party as to these claims, Donan is awarded its reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 12th day of November, 2015.

BY THE COURT:

____________________________________
R. Brooke Jackson
United States District Judge