IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-00669-RBJ

BUILDING ON OUR BEST LLC and
SOULSTICE, LTD,

    Plaintiffs,

v.

SENTINEL INSURANCE COMPANY LIMITED and
DONAN ENGINEERING CO., INC.,

    Defendants.

---

# ORDER

---

This matter is before the Court on defendant Donan Engineering Co., Inc.'s Motion for Attorney's Fees [ECF No. 46]. For the reasons discussed below, defendant's motion is granted as to its entitlement to an award of fees.

## I.     BACKGROUND

In 2014 plaintiffs' building in Englewood, Colorado was insured under a commercial property insurance policy issued by the Sentinel Insurance Company, Ltd. (Sentinel). ECF No. 17 at ¶ 6. Plaintiffs allege that on June 15, 2014 a hail and wind storm damaged the roof and other parts of the building. *Id.* at ¶ 7. After plaintiffs submitted an insurance claim, Sentinel's adjuster hired Donan Engineering Co., Inc. (Donan) to inspect and report on the claimed damage.

*Id.* at ¶ 8. Donan's report concluded that the roof exhibited minimal evidence of damage. *Id.* at ¶ 9. Based on the report Sentinel denied the claim. *Id.*

Plaintiffs then hired a "public adjuster" to assist them with their insurance claim. *Id.* at 10. Plaintiffs and the public adjuster determined that Donan's inspection was inadequate and asked Sentinel to have Donan re-inspect the property. *Id.* at ¶ 11. Although Sentinel's adjuster agreed, Donan refused. *Id.*

Plaintiffs' public adjuster determined that plaintiffs had sustained property damage in the amount of $47,795.50, and plaintiffs submitted a proof of loss in that amount to Sentinel together with additional evidence of the claimed damage. *Id.* at ¶ 12. The public adjuster also informed Sentinel that State Farm, which insured another tenant's portion of the same building, had determined that the June 15, 2014 hail storm had caused enough damage to the roof to require its replacement. *Id.* Sentinel continued to deny the claim. *Id.* at ¶ 13.

Plaintiffs therefore filed this lawsuit. The First, Second and Third Claims asserted breach of contract, common law insurance bad faith, and statutory bad faith against Sentinel. *Id.* at ¶¶ 17–19. The Fourth and Fifth Claims asserted violations of the Colorado Consumer Protection Act (CCPA) and civil conspiracy against Sentinel and Donan. *Id.* at ¶¶ 20–21. On November 12, 2015 this Court granted Donan's motion to dismiss Claims Four and Five, as against Donan, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and dismissed the action with prejudice. ECF No. 45. Plaintiffs and Sentinel subsequently settled, and the Court dismissed the remainder of the case with prejudice. ECF Nos. 63, 66. Donan now moves for an award of its reasonable attorney's fees. ECF No. 46.

## II.   ANALYSIS

Donan requests an award of its attorney's fees pursuant to Colorado Revised Statute § 13–17–201. *Id.* For the reasons set forth below, the Court finds that Donan is entitled to an award of fees.

Federal courts apply the substantive law of the forum state when exercising jurisdiction over diversity cases or pendent state claims. *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000). "In the Tenth Circuit, attorney fee statutes are considered substantive." *Id.* (citing *Boyd Rosene & Assocs. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999)). Because this is a diversity case, Donan correctly asserts that this Court should look to Colorado's fee recovery provision, C.R.S. § 13–17–201. *See Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 335 F. App'x 707, 715 (10th Cir. 2009) (unpublished). Section 13–17–201 states,

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action. . . .

The provision requires the trial court to award reasonable attorney's fees to a defendant when two conditions are met: (1) the action lies in tort; and (2) the action is dismissed pursuant to Rule 12(b).[1] *Infant Swimming Research, Inc.*, 335 F. App'x at 715; *Grynberg v. Ivanhoe Energy, Inc.*, No. 08-CV-02528-WDM, 2010 WL 3894151, at *3 (D. Colo. 2010). The Colorado legislature enacted "§ 13–17–201 to 'discourage unnecessary litigation of tort claims,' and it applies not

---

[1] Although § 13–17–201 specifically references tort claims dismissed "under rule 12(b) of the Colorado rules of civil procedure," § 13–17–201 also "applies when a federal court dismisses a complaint based upon Colorado tort law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Deatley v. Allard*, No. 14-CV-00100-RM-KMT, 2015 WL 1740368, at *1 (D. Colo. 2015).

only to tort actions involving death or injury to person or property, but also to tort actions involving mere economic injury." *Nero v. Am. Family Mut. Ins. Co.*, No. 11-CV-02717-PAB-MJW, 2013 WL 5323191, at *7 (D. Colo. 2013) (quoting *Houdek v. Mobil Oil Corp.*, 879 P.2d 417, 424 (Colo. App. 1994)).

Donan argues that both elements of § 13–17–201 are met because this Court dismissed Claims Four and Five (tort claims) pursuant to Fed. R. Civ. P. 12(b)(6). I agree. Plaintiffs make several arguments as to why § 13–17–201 should not apply. ECF No. 52. I will address each argument in turn.

First, plaintiffs contend that Donan is not entitled to attorney's fees in part because "it is undisputed that the Court did not dismiss Plaintiffs' entire tort action, it merely dismissed the portions of the action as to Donan." ECF No. 52 at 2. I disagree. In order to recover fees pursuant to C.R.S. § 13–17–201, "a defendant must prevail on the entire action *as to that defendant* under Rule 12(b)[.]" *Jones v. Haga*, No. 05CV02268-PSF-CBS, 2007WL433126, at *2 (D. Colo. 2007) (emphasis added). "[A]lthough the statute speaks of an 'action' being dismissed, the 10th Circuit has interpreted that language to permit an award of fees in circumstances where all claims against a single defendant are dismissed on Rule 12 grounds, even though claims continue against other defendants." *Torres v. Am. Family Mut. Ins. Co.*, 606 F. Supp. 2d 1286, 1287 (D. Colo. 2009) (citing *Jones v. Denver Post Corp.*, 203 F.3d at 757). This Court granted Donan's motion to dismiss as to the two claims plaintiffs asserted against Donan—violation of the CCPA and civil conspiracy. ECF No. 45. Thus, "all claims against [Donan were] dismissed on Rule 12 grounds[.]" *Torres*, 606 F. Supp. 2d at 1287. It is of no consequence that plaintiffs had other claims pending against Sentinel.

4

Second, plaintiffs assert that Donan is not entitled to attorney's fees because this action was based on contract and was not "brought as a result of a death or an injury to person or property occasioned by the tort of any other person." ECF No. 52 at 3 (quoting C.R.S. § 13–17–201). Again, I disagree. To determine whether a "tort action" has been pled for the purposes of § 13–17–201, "district courts focus on the manner in which the plaintiff's claims are pled." *Nero*, 2013 WL 5323191 at *7 (citing *Dubray v. Intertribal Bison Co-op.,* 192 P.3d 604, 607 (Colo. App. 2008)). Courts examine the face of the pleading, rather than the underlying logic of the claims. *Torres*, 606 F. Supp. 2d at 1291. "It makes the plaintiff the master of his pleading: if the plaintiff chooses to plead claims in tort, he runs the risk of C.R.S. § 13–17–201 applying; if he wishes to avoid the application of the statute, he must refrain from pleading tort claims." *Id.* Further, "when an action is brought that contains a mix of tort and contract claims, courts may award attorneys' fees if the action is primarily a tort action." *Nero*, 2013 WL 5323191 at *7 (internal quotations and citation omitted).

Plaintiffs' pleadings demonstrate that they asserted two tort claims against Donan. First, in Claim Four, plaintiffs alleged that Donan violated the CCPA, C.R.S. § 6–1–105, by engaging in unfair or deceptive trade practices prohibited by subsections (c), (e), (g), (i) and (u) of the Act. ECF No. 17 at ¶ 20. Plaintiffs claimed that Donan (1) made false statements as to the affiliation between Donan and Sentinel; (2) made false representations as to the characteristics and benefits of Donan's services; (3) represented that Donan supplied nonbiased testing when Donan knew that it worked for insurance companies to low-ball or deny claims; (4) advertised their services in part as nonbiased testing with the intent not to sell them as advertised; and (5) failed to disclose material information concerning its services in order to induce plaintiffs to accept Sentinel's

claims decision. *Id.* Plaintiffs did not claim that they had a contractual relationship with Donan. Several courts, in applying § 13–17–201, have concluded that a claim alleging a violation of the CCPA is a tort claim. *Nero*, 2013 WL 5323191 at *2 ("plaintiff's individual claims for statutory bad faith breach of insurance contract, common law bad faith, and violations of the CCPA, are all tort claims"); *US Fax Law Ctr., Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 518 (Colo. App. 2009) (referring to CCPA claim as a "tort[ ] under Colorado law").

That conclusion is strengthened by the similarities between the overall purposes of the CCPA and tort law. In *Coats v. Dish Network, LLC*, the Colorado Court of Appeals analyzed whether a state statutory claim should be characterized as a "tort" for the purposes of applying § 13–17–201. 303 P.3d 147, 153 (Colo. App. 2013). The *Coats* court looked to whether the statutory scheme was consistent with "the primary purpose of tort law[,]" which is "to compensate plaintiffs for injuries wrongfully suffered at the hands of others." *Id.* at 154. Similar to the overall purpose of tort law, the CCPA's "broad legislative purpose is 'to provide prompt, economical, and readily available remedies against consumer fraud.'" *AdvantEdge Bus. Grp., L.L.C. v. Meridian Ben. Inc.*, No. CIVA02CV00901WDMCBS, 2006 WL 827197, at *2–3 (D. Colo. 2006) (quoting *Showpiece Homes Corp. v. Assurance Co.,* 38 P.3d 47, 51 (Colo. 2001)). For the above reasons, plaintiffs' CCPA claim is properly characterized as a tort claim.

Second, in Claim Five, plaintiffs alleged that Donan participated in a civil conspiracy with Sentinel to justify a denial of the insurance claim. The Colorado Supreme Court has recognized that civil conspiracy is a tort claim. *Ingold v. AIMCO/Bluffs, L.L.C. Apartments*, 159 P.3d 116, 122 (Colo. 2007); *see also Carnation Bldg. Servs., Inc. v. City & Cty. of Denver*, No.

11-CV-00703-CMA-MEH, 2011 WL 6940474, at *9 (D. Colo. 2011) ("Civil conspiracy is a tort claim.").

Moreover, the Court rejects plaintiffs' argument that their CCPA and civil conspiracy claims "flow from" plaintiffs' contract with Sentinel and therefore are not tort claims for purposes of § 13–17–201. ECF No. 52 at 3. In support of this argument, plaintiffs note that their First Claim against Sentinel was for breach of contract. *Id.* First, as discussed above, "[a]lthough the statute speaks of an 'action' being dismissed," courts have interpreted that term to refer to "all claims against a single defendant." *Torres*, 606 F. Supp. 2d at 1287; *see also Smith v. Town of Snowmass Vill.*, 919 P.2d 868, 873 (Colo. App. 1996) ("The statute, by using the term 'defendant' in the singular, necessarily applies to each defendant who has an action against it dismissed pursuant to C.R.C.P. 12(b)(1)"). Therefore, the totality of the action against Donan—Claims Four and Five—sounded in tort. It is of no consequence that some of plaintiffs' claims against Sentinel may have sounded in contract. Second, plaintiffs had no contractual relationship with Donan and thus had no right of recovery against Donan under a contract theory. Accordingly, "[plaintiffs] obviously chose to include [Claims Four and Five] to obtain relief beyond what was available solely under a breach of contract theory" and in such circumstances, "the action was one that sounded in tort and justified an award of fees under § 13–17–201." *Torres*, 606 F. Supp. 2d at 1292 (internal quotations and citation omitted).

Finally, plaintiffs argue that Donan is not entitled to attorney's fees unless there is clear evidence that plaintiffs filed the suit entirely without color and for reasons of harassment or delay or for other improper purposes. ECF No. 52 at 4–5 (citing *Robinson v. C.R. Laurence Co.*, 105 F.R.D. 567, 568 (D. Colo. 1985)). That is incorrect. Plaintiffs' argument focuses on the

requirements for a defendant to recover attorney's fees pursuant to Rule 11 rather than § 13–17–201. *Robinson*, 105 F.R.D. at 568 ("To recover fees based upon the provisions of Rule 11 . . . a party need show that his opponent's actions were unfounded in light of the law as it might develop and in light of supporting facts which might be established."). As discussed above, "[a]n award of attorney fees under section 13–17–201 is *mandatory* when a trial court dismisses a tort action under [Rule] 12(b)." *Castro v. Lintz*, 338 P.3d 1063, 1067 (Colo. App. 2014) (emphasis added). Under § 13–17–201, Donan is not required to prove that plaintiffs filed the suit for reasons of harassment or delay or other improper purposes. *See US Fax Law Ctr., Inc.*, 205 P.3d at 518 (holding that § 13–17–201 "applies when a case is dismissed under one set of circumstances, namely, on a motion pursuant to C.R.C.P. 12(b)" while § 6–1–113(3) "applies when a CCPA claim is terminated in favor of the defendant under a different set of circumstances, namely, when the CCPA claim is found to be groundless, made in bad faith, or brought for the purpose of harassment.").

For the above reasons, the Court finds that Donan is entitled to an award of reasonable attorney's fees.

### III.   ORDER

Defendant Donan Engineering Co., Inc.'s motion for attorney's fees [ECF No. 46] is GRANTED as to its entitlement to an award of fees. The Court directs counsel to confer and to attempt to resolve the amount of fees. If a dispute remains after conferral, then plaintiffs may set an evidentiary hearing as to the amount only. Please advise Chambers within 10 days whether you have resolved the amount issue or require an evidentiary hearing.

DATED this 3rd day of May, 2016.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

9